ALBANY,
Dec. 1829.

Watts
v.
Public Admin-
istrator.

WATTS and LEROY, *appellants*, and THE PUBLIC ADMINIS-
TRATOR in the city of N. Y. *respondent.*

A *testamentary paper* found in an iron chest among valuable papers of a per-
son deceased *without signature*, having an *attestation clause* without wit-
nesses, written by the deceased with his name in the beginning thereof, in
a fair hand, engrossed on conveyancing paper, with a seal attached
thereto, evincing much deliberation and foresight in its provisions and
disposition of both real and personal property to a large amount, according
to the common law as generally understood and received as well in Eng-
land as in this country on 19th April, 1775, when the common law was
adopted as part of the law of this state, is a good and valid will of the
personal estate therein mentioned.

According to the modern decisions of the ecclesiastical courts of England,
if there be an attestation clause to a paper propounded as a will, and it be
unattested by witnesses, such clause raises a presumption against the pa-
per as furnishing proof that a further act was contemplated to be done ;
still such presumption is but *slight,* and may be rebutted by slight cir
cumstances.

With us, since 1st January, 1830, (when the *Revised Statutes* went into
operation,) a will of *personal* as well as of *real property* is of no validity,
unless, it be subscribed by the testator *at the end* of the will, in the pre-
sence of at least two attesting witnesses.

APPEAL from chancery. The question in this case was,
whether a testamentary paper found in an iron chest among
valuable papers of a person deceased, *without signature,* having
an *attestation clause* without witnesses, written by the de-
ceased with his name in the beginning thereof, in a fair hand,
engrossed on conveyancing paper, with a seal attached
thereto ; evincing much deliberation and foresight in its pro-
visions, and disposing of both *real* and *personal* property to a
large amount, should be considered a good and valid will of
the personal estate therein mentioned.

The deceased was John G. Leake, who died in June,
1827, being of the age of between seventy and eighty, leav-
ing a personal estate valued at $250,000, and a real estate
worth as much more. The executors named in the tes-
tamentary paper claimed probate thereof, which was allow-
ed by the surrogate of New-York. The public administra-
tor of that city appealed to the chancellor, who reversed the
decision of the surrogate, and adjudged that the deceased

died intestate, and decreed administration to be granted to the public administrator. The opinions of the surrogate and of the chancellor will be found in 1 Paige's Ch. R. 347 to 383, in which and in the statement of the case will be found the facts and circumstances of the case.

From the decree of the chancellor an appeal was taken to this court, where the case was argued by B. F. Butler and J. V. Henry, for the appellants; and by D. B. Ogden and J. Platt, for the respondent, in October last; and in December following the case was decided, opinions being delivered by the CHIEF JUSTICE, and by Senators BENTON, MATHER, MAYNARD, S. ALLEN and THROOP: the four first for reversal and the two last in affirmance of the decree of the chancellor. The decree was reversed; seventeen members of the court being for reversal, and nine for affirmance. The members who were for reversal, were the CHIEF JUSTICE, Mr. Justice MARCY, and Senators E. B. ALLEN, BENTON, BOUGHTON, ENOS, HUBBARD, MATHER, MAYNARD, McLEAN, McMARTIN, OLIVER, SANFORD, SMITH, VIELE, WARREN, and WATERMAN; for affirmance, Senators S. ALLEN, HAGER, M'CARTY, REXFORD, SCHENCK, STEBBINS, THROOP, TODD and WHEELER.

Although this case was argued by counsel with more than usual ability, and the opinions of the judges evince the fullest consideration of the principles of law applicable to the subject, and the most patient and deliberate examination of the cases which have arisen upon this branch of the law from the earliest decisions in England and in this country to the present day, still the Revised Statutes of this state, which went into operation on the 1st January, 1830, having placed wills of personal property upon the same footing with wills of real estate, in requiring the same to be *subscribed by the testator at the end of the will, in the presence of at least two attesting witnesses,* (2 Revised Statutes, 63,) this case and the decision of it have become more a matter of curious interest than of practical use to the profession of this state, for whom principally these reports are compiled: wherefore the reporter, reluctantly, has come to the conclusion to refrain from at-

tempting even a synopsis of the arguments of the learned counsel and from giving any part of the opinions delivered, except one or two conclusions contained in the opinion of the chief justice.

After a full examination of the elementary treatises on the subject of wills, and most of the cases bearing upon this question, the Chief Justice lays down the following propositions: First, That according to the common law, as generally received and understood in England as well as in this country on the 19th April, 1775, (when the common law of England was by the constitution adopted as part of the law of this state,) the paper propounded as a will in this case would have been admitted to probate, although it was not signed by the testator at the end thereof, had an attestation clause and was unattested by witnesses; and second, That although according to the modern decisions in the ecclesiastical courts of England, if there be an attestation clause to the paper propounded as a will, and it be unattested by witnesses, such clause raises a presumption against the paper as furnishing proof that a further act was contemplated to be done, still such presumption is but slight and may be rebutted by slight circumstances; and after examining this case, tested by this principle, he comes to the conclusion, that the paper propounded should be admitted to probate, as, in his opinian, the circumstances fully rebut the slight presumption arising from the non-execution of the paper in the presence of witnesses.