No. 6443.

PARADISE & BRO. VS. BEN GERSON.

It is a well-established principle of our jurisprudence, that the addition of a new member to a commercial partnership, creates a new firm, with distinct rights and liabilities; and that the latter is not responsible for the debts of the former partnership, unless it has made itself so.

Verbal evidence is not admissible to prove that the new partnership has promised to pay a debt of the former, which is clearly a third party.

A PPEAL from the Sixth District Court, parish of Orleans. *Saucier*, J.

E. H. Farrar for plaintiffs and appellants :

'The debts and affairs of an individual member of a firm are entirely separate and distinct from the debts and affairs of the firm itself. The *corpus societas* is a legal entity, entirely distinct from each of its members. 4 M. 378 ; 11 M. 429 ; 2 La. 84 ; 9 Rob. 196 ; 7 La. 337 ; 14 An. 497 ; 22 An. 443 ; 10 An. 479.

Parol testimony is inadmissible to prove the promise of a commercial firm to pay a pre-existing debt of one of its individual members.

Cotton & Levy contra :

The opinion of the court was delivered by

POCHÉ. J.   Plaintiffs, a commercial firm, composed of Aaron Paradise and Bella J. Paradise, sue Ben Gerson on a balance of account of ·$1801 54.

As far back as the year 1871, Aaron Paradise, a merchant in Issaquena county, Mississippi, began dealing with defendant, Ben Gerson, a commission merchant in this city, and continued down to the beginning of November, 1873, when Paradise formed a commercial partnership with his sister-in-law, Bella J. Paradise, under the name and style of

Paradise & Bro. Through his brother, Jonas Paradise, who had previously acted as his agent, and subsequently as the agent of the new firm, Aaron Paradise notified Gerson of the change of the firm, and requested him to keep his accounts in the future with Paradise & Bro. From that date all accounts were made by Gerson, and all correspondence addressed by him, sometimes to A. Paradise & Bro., but more frequently to Paradise & Bro.

In defense, Gerson filed two exceptions, in which he urged that he had never had any dealings with the commercial firm of Paradise & Bro., composed as set forth by plaintiffs; that his dealings had been with A. Paradise, of which firm Jonas Paradise was a dormant partner, and after November, 1873, with Paradise & Brother, a firm composed of the same two brothers, with Jonas Paradise as an active partner; and charging, further, that said firm of A. Paradise, continued as Paradise & Bro., was indebted to him on a final balance of account in the sum of $1578 22.

On motion of plaintiffs' counsel, the exceptions were referred to the merits.

The judgment of the lower court was in favor of defendant, rejecting plaintiffs' demand and dismissing their case, and plaintiffs have appealed.

To reach a correct solution of this case, we must first determine two questions of fact, as follows:

1st. Who composed the firm of A. Paradise?

2d. Who composed the firm of Paradise & Bro.?

Defendant maintains that Jonas Paradise was a dormant partner of A. Paradise, and relies upon his own testimony, and that of his son, George Gerson, of J. M. Gould, and of the latter's clerk, David Davidson. The substance of their testimony is that the acts and sayings of Jonas Paradise *impressed them with the idea* that he was such a partner; but that his name was not allowed to figure in the firm by reason of his insolvency.

On the other hand, Aaron Paradise, Bella J. Paradise, and Jonas Paradise swear positively that Jonas never was a partner of Aaron, but acted under a general power of attorney in the management of his business; and their testimony is corroborated by a stipulation in articles of partnership between Aaron and Bella Paradise, enacted on November 1, 1873, to the effect that Jonas Paradise had drawn from Aaron Paradise the sum of $865 06 for balance due on his wages.

We therefore conclude that Aaron Paradise alone composed the firm of that name.

2d. The evidence is equally conclusive on the second point, that the firm of Paradise & Bro. was composed of Aaron Paradise and of

35

Bella J. Paradise; articles of partnership were executed between them on November 1, 1873, and due notice of the change of the firm was given to defendant, Gerson. True, this act was only recorded in July, 1874, but no law requires the registry of articles of partnership, and defendant himself contends on another point, and correctly, that a commercial partnership can be proven by parol testimony. 17 An. 9.

Now Gerson, in his testimony, admits that all the business transactions between him and the firm of Paradise & Bro., from November, 1873, to May, 1874, when their relations were interrupted, left him in the firm's debt for $1801 54, but he claims that by a continuous account between him and A. Paradise, from 1871 to 1873, and with Paradise & Bro. from thence to 1874, makes him a creditor for $1578 23. In other words, he seeks to ignore the change of partnership in 1873, or to hold the new firm responsible for the liabilities of the previous partnership. Perhaps no principle of our jurisprudence is better established than the reverse of defendant's pretension. A commercial partnership cannot be held liable for the debts contracted by a previous partnership to which it has succeeded, nor for any debts previously contracted by any individual member of the partnership. The same principle applies to a partnership to which a new member is added. The firm is thereby changed; it becomes a new one with different parties, interests, and liabilities; the component parts of the firm are distinct beings from the firm, as well as from each other, and their rights and liabilities must be tested and adjudicated accordingly. 10 An. 482; 19 An. 290.

The new firm did not, therefore, become liable for the debts of the firm of A. Paradise due to Gerson, unless the same were specifically assumed by them. Defendant attempted to prove such an assumption by his testimony and that of his son, reporting conversations with Jonas Paradise on the subject. Plaintiffs objected to the introduction of such evidence, as being forbidden by sec. 3, art. 2278, C. C. Their objections were overruled, and they reserved two bills of exception, which are in the record. The lower court erred in admitting parol testimony to prove the promise of the firm of Paradise & Bro. to pay the debts of the firm of A. Paradise, who was already a third party. 26 An. 512.

Outside of that testimony, we find no evidence in the record to support defendant's plea, and we conclude that plaintiffs are entitled to their judgment.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be annulled, avoided, and reversed, and that plaintiffs recover judgment of the defendant, Ben Gerson, in the sum of eighteen hundred and one 54-100 dollars, with interest of five per cent per annum from judicial demand until paid, and costs in both courts.

Rehearing refused.