## No. 7963.

## MECHANICS' & TRADERS' INSURANCE COMPANY VS. RICHARDSON & CARY.

A party knowingly taking the note of a firm from one of the partners for his own debt, cannot hold the firm or the other partners liable without proof of the special authority or ratification, and the burden of proof of the special authority or ratification is on such holder.

APPEAL from the Fifth District Court for the parish of Orleans. *Rogers, J*

---

*H. N. Ogden* for Plaintiff and Appellee:

There was a commercial partnership in existence between John P. Richardson and George W. Cary, at the respective dates of the notes sued on.

An indorsement in blank is presumed to have been placed upon a note at the date thereof. See New Orleans Canal & Banking Co. vs. Samuel Templeton, 20th An. p. 141; and Crosby vs. Morton et al., 13 La. p. 357. All of the indorsements upon the notes sued on are, therefore, presumed to have been placed there at the dates of the two notes respectively. The indorsement includes delivery, see Smith's Mercantile Law, p. 296, "with regard to the meaning of the term indorsement, it should be remarked that it includes delivery to the endorsee."

A note regular in every respect upon its face, indorsed with the firm name by one of the partners before dissolution and actually put into circulation by delivery to the indorsee, also before the dissolution and after dissolution negotiated by the first to a second indorsee, acting in good faith, and for a valuable consideration, is binding upon all the members of the firm. See Parsons N. & B. vol. 1, p. 146.

The mere possession of a negotiable note imports *prima facie* that the holder acquired it *bona fide* for value, in the usual course of business, without notice of any circumstances impeaching its validity, and that he is the owner thereof, entitled to receive the contents of the same from all prior parties thereto. See Daniel's Negotiable Instruments, § 812; 1st Parsons N. & B. 184; Collins vs. Gilbert, 4th Otto, 754.

The holder of negotiable paper will not lose his right except upon proof that he took the paper with knowledge of the want of right in the transferrer to give him the paper.

"Evidence of notice to or of knowledge on the part of the holder of facts which would defeat his recovery must not be ambiguous." Parsons N. & B. p. 260. It must clearly appear that the indorsee was apprised of such circumstances as would have avoided the note in the hands of the indorser. Per Woodbury, I. Perkins vs. Challis, 1 N. H. 254. The English rule now is that nothing short of fraud will be sufficient to defeat his right; and Parsons at p. 258 "inclines to the opinion upon high authority that the rule of the late English cases is better adapted to the free circulation of negotiable paper and the true interests of trade." The negligence, according to this author, "must be such and so accompanied as to afford reasonable and sufficient ground for believing that it was intentional and fraudulent."

The genuineness of the two notes sued on was warranted by their delivery for a valuable consideration.

"An indorsement admits the ability and signature of every antecedent party." Smith's Mercantile Law, pp. 294-95-96.

A transfer by delivery, if for a valuable consideration, seems to imply a warranty that the bill or note is genuine. See note (r) to Smith's Mercantile Law, p.295.

It appears that Richardson knew that Cary was abusing his authority as a partner. Under the circumstances what was his plain duty. Chitty says, "When a partner has discovered that his co-partner is in the practice of improperly drawing, accepting or indorsing bills or notes in the name of the firm, but to accommodate third persons or for his own separate purposes, he should immediately file a bill in equity and obtain an injunction to prevent a repetition of such fraudulent and hazardous practices." Chitty on Bills, Springfield Ed. of 1849, top paging 48 side, p. 49; Story's Equity Jurisprudence, vol. 1, Sec. 669 and cases cited; Stockdale vs. Allery, 37 Penn. St., 486; Bank of Ameriaa vs. DeFerriet, 23 An. p. 310.

*John A. Campbell* and *Bayne & Renshaw* for Defendant and Appellant:

A partner using the co-partnership name by endorsing it on a note which he had procured a stranger to the firm to make to the firm for his personal accommodation, and who endorses the note himself and offers it for discount to an insurance company, which has no connection with the firm, and of which he is a customer, and receives the accommodation for that company, is guilty of a fraud, and the insurance company must prove the consent of the other partner to the discount, or he is not bound. 1 Bedarride, des Sociétés. No. 159 and following sections; 40 Dalloz, Juris; Gen. Société, No. 927; Pothier on Part., § 101; Kendall vs. Wood, L. R., VI Exch., 243; Leveson vs. Lane, 13 C. B. R., N. S. 278; Rogers vs. Batchelder, 12 Peters, S. C. R. 221; Maulden vs. Br. Bank. 2 Ala. R. 502; Catskill Bank vs. Stall, 18 Wend., 466; Satterfield vs. Compton, 6 Rob., 120; Chitty on Cont., 11 ed., 354-5; Add. on Cont., 76; Call. on Part., § 401, 478.

After the dissolution of a partnership the retiring partner borrows a sum of money from an insurance company upon his own check. He leaves as collateral security a note, on which he has signed the names of the makers, and which is payable to the firm whose name he endorses thereon. The firm had no interest in the note, and the other partner had no interest in the discount or knowledge of the endorsement. This partner is not liable to the insurance company on the endorsement. Leckie vs. Scott, 10 L. 416; Wait vs. Thayer, 118 Mass; Dan. Neg. Notes, 273, 274.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendants, a firm once composed of John P. Richardson and George W. Cary, are sought to be held liable, as endorsers, on two notes purporting to have been drawn, the one by W.

A. & C. W. Cary, and the other by J. J. Pierce, and which were duly protested, notice of same having been regularly given.

Richardson denied any liability, specially pleading, that the endorsement was for no consideration enuring to the firm, or to him, as plaintiffs knew, or should have known; that said notes or endorsements were not made or used for said firm, or within the course of its business and by any person authorized thereto; that the notes were received by plaintiffs in a private matter with George W. Cary, totally disconnected with the firm and respondents, as plaintiffs knew or should have known; that the firm was dissolved long prior to the institution of this suit. After trial, the lower court gave judgment for one of the notes, for $1,219 08, and rejected plaintiffs' demand for the other, for $1.733 39. From the judgment against him Richardson has appealed.

The evidence shows that the notes were endorsed by G. W. Cary, in the name of Richardson & Cary, and were subsequently endorsed by him, in his individual name, and used for his individual purposes to plaintiffs' knowledge, the consideration of the transaction being given to him in his individual capacity; that the notes never belonged to the firm, which had been dissolved prior to the delivery to the plaintiffs, of the note of W. A. & G. W. Cary, the dissolution being known to the plaintiffs.

We think that, under the circumstances of this case, the endorsement of Richardson & Cary, being in the hand of G. W. Cary, and G. W. Cary subsequently endorsing the notes, to the knowledge of plaintiffs, in his individual name, and using them for his individual purposes, to the knowledge of the plaintiffs, these were under the obligation of proving that the transaction had been authorized by John P. Richardson, or that the consideration had enured to him, or to the firm in some manner, which they have not done.

A mortgage of firm property by a partner, in his own name, conveys no title.

The act of each partner is considered the act of the whole partnership, or of all the partners, only so far as that act was within the scope of the business of the firm. Parsons, Ed. 1873, vol. 1, p. 184; 2 Miss. 163; 15 Geo. 197.

Judge Story says : "Every contract in the name of the firm in order to bind the partnership must not only be within the scope of the business of the partnership, but it must be made with a party who has no knowledge or notice that the partner is acting in violation of his obligations and duties to the firm, or for purposes disapproved of by the firm, or in favor of the firm." Story on Part., Sec. 128; see, also, Chitty on Bills, p. 48.

The American adjudications decidedly assume, says Parsons, p. 121;

that the third party taking this paper with the knowledge that it was given for the private or personal debt of one partner, knows enough to put him on his guard, and that he is now bound to inquire whether the firm authorized the use of their name, and can only hold them on the ground that they did so authorize it in fact, and this he must show as the foundation of his claim. In other words, the American courts hold the doctrine, that a third party taking from a partner the signature of his firm for his own debt, cannot hold that firm without proof of authority, adoption or ratification by the firm. Parsons on Part., vol 1, p. 184; 6 B. Monroe, 60; 4 Wendell, 168; 30 An. 1291. _Multo fortiori_ is such the case, where the paper is uttered after the dissolution of the firm, as is clearly proved as to one of the notes. Daniel on Neg. Inst., vol. 1, p. 278; 3 Kent 63; Collyer on Part. 544, 127; 1 Starkie, 275; 30 Vermont, 225; 25 Ala. 475.

"The power of a partner is limited to the business of the firm. He who knows that the partner's act is not within the business, knows that it is not authorized, and, if all he knows is, that the partner is acting for his own immediate, direct and several benefit, he has no right to presume that the firm are benefited and authorized it." Parsons on Part., p. 228.

There are some acts in relation to negotiable paper which carry with them the presumption that the partner doing them was not authorized. One of these is the endorsing paper which does not belong to it. P. 235.

"If the firm resists payment, it will be sufficient to show that a co-partner signed the firm name for a private debt due the plaintiff and its defense is then complete, unless the plaintiff reply by showing the assent of the co-partners." Daniels on Neg. Ins., vol. 1, p. 276; 12 Pet. 299; Collyer on Part., Secs. 490, 491; 28 An. 941; 10 L. 416; 5 L. 49.

Under the circumstances and the law, we cannot hold the defendant, John P. Richardson, liable.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court condemning defendant Richardson to pay $1219 08 with interest and costs, be reversed, and that judgment be now rendered in favor of said defendant rejecting plaintiffs' demand, and it is further ordered and decreed that said judgment exonerating said defendant from liability for the note of $1733 39 be affirmed, the plaintiffs to pay costs in both courts.

Rehearing refused.

Mr. Justice FENNER recuses himself, having been of counsel.