Okey, C. J.
The instrument dated June 7, 1873, executed by Clary to Sawyer, and containing a description of the distillery property, was in equity an indemnity mortgage, to save the latter harmless from the payment of the debt of Clary, and, under the circumstances, its effect was not destroyed by its destruction. Dukes v. Spangler, 35 Ohio St., 119; Jeffers v. Philo, 35 Ohio St., 173.
Although the money received by Clary from Stentz was used in the prosecution of the partnership business, this did not make it a partnership debt. Peterson v. Roach, 32 Ohio St., 374; Merchants & T. Ins. Co. v. Richardson, 33 La. Ann., 1308, S. C., 39 Am. Rep., 290.
At the time the instrument was executed, the property was in the actual possession and use of the firm of Clary & Co., in the prosecution of their distillery business, and Sawyer was then fully aware of the fact. Moreover, the property was purchased by the firm with the moneys of the partnership, to be used for partnership purposes. It was, in fact, partnership property, and we are of opinion that the fair inference from the testimony, as it is disclosed in the record, is, that on June 7, 1873, when Sawyer received such mortgage, he knew that the distillery, and the lot on which it was situated, were the firm property of Clary & Co. The question is, therefore, whether, under such circumstances, Sawyer acquired a lien on the undivided half of such property superior to the lien of the bank, the debt of the latter having accrued subsequently to the exe^ cution of the mortgage.
The question, in the form stated, we have no hesitancy in answering in the negative. Such mortgage is not available until the partnership debts have been .paid and the partnership accounts discharged. A creditor of the partnership has a clear right, by proper proceeding, to have the proceeds of a sale of the property applied to his debt, in preference to such mortgage, and a creditor whose debt against the partnership arose subsequently to the execution of such mortgage has the same right to assert his lien as against such mortgage that would exist in favor of a prior creditor. Tarbell v. West, 86 N. Y., 280; Henry v. Anderson, 77 Indiana, 361; Lovejoy v. Bowers, 11 N. H., 404. And see Sumner v. Hampson, 8 Ohio, *119 328, S. C. 32 Am. Dec., 722; Martin v. Trumbull, Wright, 386; Rammelsberg v. Mitchell, 29 Ohio St., 52; Ludlow v. Cooper, 4 Ohio St., 1; Baird v. Baird, 1 Dev. & Bat., 524, S. C. 31 Am. Dec., 399; Jones on Mortg., Secs. 119, 120; 2 Ekwell’s Lindley on Part., 642 et seq.
G. T. Stewart and C. L. Kerman, for plaintiff in error.
L. L). Strutton, for defendant in error.
True, a mortgagee is a purchaser (Williams v. Sprigg, 6 Ohio St., 585; Williams v. Englebrecht, 37 Ohio St., 283), and, where acting bona fide, is entitled to the rights of a purchase; but notice of the fact that land apparently owned by tenants in common is in reality partnership property, defeats the protection afforded to bona fide purchasers. Whether knowledge of the mere fact that the distillery was occupied and used by the firm of Clary & Co. in their partnership business was notice to Sawyer that it was partnership property, is a question we need not decide. That it would he such notice in England is clear. Cavander v. Bulteel, 9 L. R. Ch. App. Cas., 79. And see McKinzie v. Perrill, 15 Ohio St., 162; 2 Led. Cas. in Eq. (4th Am. Ed.), 180; Mechanic’s Bank v. Godwin, 5 N. J. Eq., 334.
In view of the course taken on the trial in the District Court and in the argument of the cause in this Court, the possibility that Martin authorized the mortgage to be executed, and the danger that, under the circumstances, injustice may be done to Sawyer by rendering final judgment here, we have determined to reverse the judgment, without exercising the power we have in such equity cases to render final judgment, and remand the cause for a new trial. Moreover, Martin’s representatives should be made parties.

Judgment reversed.