No. 2226

Second Circuit

---

LEARY v. LYONS LUMBER CO.

---

(April 8, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Partnership—Par. 61.**

A partnership is a legal entity entirely distinct from the members thereof and is not bound for the individual debts of the partners.

2. **Louisiana Digest—Partnership—Par. 61, 90, 91, 93.**

The partnership may pay the individual debts of its members with the consent and acquiescence of all the partners.

3. **Louisiana Digest—Partnership—Par. 91, 93.**

Where a partnership is composed of two persons, one of whom instructs his individual creditor to charge his debt to the partnership and said debt is paid with partnership funds with the knowledge and consent of the other partner, the payment is binding upon the partnership.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. T. F. Bell, Judge.

Action by W. P. Leary, Trustee, against S. E. Lyons Lumber Company, Inc.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Cecil Morgan, of Shreveport, attorney for plaintiff, appellant.

Cook & Cook, of Shreveport, attorneys for defendant appellee.

ODOM, J. W. P. Leary, trustee of the bankrupt estate of the Monroe Lumber Company, brings this suit against the S. E. Lyons Lumber Company, Inc., to recover the sum of $1309.23 for four cars of lumber shipped to defendant by the Monroe Lumber Company previous to the date on which said Monroe Lumber Company was adjudged a bankrupt.

The defendant admitted, in answer, that it had received the lumber, but alleged

that it was not indebted therefor for the reason that the proceeds of the lumber had been credited by it on a certain promissory note given it by W. A. Brown, one of the members of the partnership, and that said note, although signed by Brown individually was by agreement to be paid by shipments of lumber by said concern, and that H. H. Lunsford the other partner in the concern, had full knowledge of and acquiesced in the credits on the note.

There was judgment rejecting plaintiff's demands and he has appealed.

## OPINION

W. A. Brown owned and operated in his own name a small saw mill at Hall Summit. On April 19, 1923, he applied to the defendant, S. E. Lyons Lumber Company, Inc., for a loan of $2250.00 to be used to purchase timber and mules for his mill operations. The amount was loaned and Brown executed his note therefor. He represented to the defendant that he had on hand at that time some lumber and that said lumber, along with that subsequently manufactured, would be shipped to defendant, the proceeds to be applied on the note.

About that time, or April 20, according to the recollection of H. H. Lunsford, Brown and said Lunsford formed a saw mill partnership and gave it the name of "Monroe Lumber Company". The partnership agreement was reduced to writing and signed by both parties on May 15, 1923.

The written contract provides that Brown is to have charge of the administration and operation of said business, and that Lunsford is to assist, but under the direction of Brown; the only limitation upon Brown's authority being that he should not sell, without the consent of Lunsford, the saw mill proper, the machinery therein, the uncut timber and the wagons and teams.

The two partners were to share equally the profits of the concern.

While the agreement was signed on May 15, Lunsford said the partnership was formed about April 20.

The defendant company was advised that the name of the company which Brown represented had been changed to that of "Monroe Lumber Company", and at Brown's suggestion the debt represented by the note which he had given was charged on the books of the defendant to the Monroe Lumber Company.

The Monroe Lumber Company shipped to the defendant four cars of lumber; one on May 1, one on May 3, one on May 18, and one on June 7, 1923; the proceeds of the lumber being credited on the books of the defendant to the account of the Monroe Lumber Company, which company, as stated, had been charged with the debt evidenced by the note of Brown.

Plaintiff's suit is grounded upon the proposition that the note given by Brown was his individual debt and not that of the partnership and that the partnership was not bound therefor and that the defendant company, a creditor of Brown, had no right to use the proceeds of the lumber to pay Brown's debt.

The defendant company got the lumber and owes plaintiff for it, unless the pro-

ceeds have been properly credited on the Brown note.

It cannot be disputed that as a legal proposition a partnership is not bound for the individual debts of the partners.

A partnership is a legal entity entirely distinct from the members thereof and is not bound for the individual debts of the partners.

Paradise & Bro. vs. Gerson, 32 La. Ann. 532.

Raymond vs. Palmer, 41 La. Ann. 432, 6 South. 692.

Newman vs. Eldridge, 107 La. 315, 31 South. 688.

Hamilton vs. Hodges, 30 La. Ann. 1290.

Allen, Nugent & Co. vs. Cary, 33 La. Ann. 1455.

There is no reason, however, why the partnership or the individual members thereof may not agree that the proceeds of the sale of its property may be applied to the payment of a debt of one of the partners. That is what happened in this case.

The debt due the defendant, Lyons Lumber Company, Inc., was the individual debt of Brown, as is evidenced by the note signed by him individually.

Brown, under the articles of partnership, was to manage the affairs of the partnership. He authorized the defendant, as creditor, to charge the amount of his debt to the partnership and agreed the debt should be paid out of the proceeds of lumber shipped by the partnership. His agreement could not and did not bind the partnership unless assented to and ratified and confirmed by Lunsford, the other member of the firm.

The rule is stated as follows in 30 Cyc. 501:

"A partnership is under no obligation for the individual debts of its members; and hence a partner cannot use the firm's assets to pay his individual debts without their consent; nor can he pledge the firm credit for such debts. In order that such transactions may bind the firm, the assent or ratification of the other members must be shown, or a case of estoppel must be made out against them. When neither assent, ratification, nor estoppel is shown, a transfer of partnership assets by one partner in discharge of his individual obligation does not divest the firm title, whether the party receiving the property knew that it belonged to the firm or not."

In the case of Carter Bros. & Co. vs. Galloway & Burns, 36 La. Ann. 730 (on rehearing, p. 733), the court said:

"There is no better settled principle of commercial law than that a partner cannot use partnership property for his individual purposes, without the consent or authority of his co-partner or partners, and that when he attempts to do so, parties dealing with him are, by the very fact or nature of the transaction, warned and put on their guard, and that if the same is consummated, the burden of proving the knowledge, consent or authority of the other members rests upon such parties, who, when sought to be made responsible, must, at their risk and peril, succeed or fail according as they may or may not prove such ratification."

See, also, Hamilton, et al., vs. Hodges, et al., 30 La. Ann. 1290.

Mechanics & Traders Ins. Co. vs. Richardson & Gray, 33 La. Ann. 1308.

Allen, Nugent & Co. vs. Gray, et al., 33 Ann. 1455.

The Monroe Lumber Company was composed of Brown and Lunsford. No one else had any interest therein. Brown was general manager and authorized the defendant to apply the proceeds of lumber shipped by the partnership to the payment of the note. The testimony establishes to our entire satisfaction that Lunsford had knowledge of this arrangement and that he acquiesced in and ratified it.

S. E. Lyons, president of the defendant company, testified that Lunsford came into his office about May 1 and many times thereafter, and that each and every time ꞓ discussed with him this indebtedness; that he exhibited to Lunsford the ledger showing that the Brown debt had been charged to the partnership and that he had made and handed to him a statement showing the charge, and that Lunsford told him that whatever Brown did was all right.

H. A. Lyons, bookkeeper for the defendant, testified that he went over the books with Lunsford some three or four times in the office, and he was asked (page 30 of the testimony):

"Do you know what you said to him and what the substance of the conversations with Mr. Lunsford was?"

And he answered:

"Well, he came to the office and was introduced to me by my brother, and brother said: 'He wants to go over his account, the Monroe Lumber Company's account,' and I said: 'All right, do you want to pay it?' and he said: 'No, just show me how the Monroe Lumber Company stands'; and I showed him the twenty-two hundred and fifty ($2250.00) dollars charge, and I showed him the credits to offset it, and he said it was all right."

He testified, further, that the books showed that the charge of $2250.00 was a W. A. Brown debt.

On May 10 the defendant company wrote a letter to H. H. Lunsford personally in answer to one he had written to it in which the defendant said:

"Noting your request that we forward check as per agreement with Mr. Brown, beg to advise per our conversation when in our office that this invoice in the matter of $268.74, you making error in extension reducing to this amount, is being credited per agreement with Mr. Brown and yourself to Mr. Brown's note."

Lunsford made no reply to this letter. He testified on the trial that he had been in the office of the Lyons Lumber Company, Inc., but had not seen the books, did not know that Brown owed the debt and did not acquiesce in the charge nor the credits as made.

He further testified that if he received the letter above referred to he had no recollection of it.

The letter of May 10, written to Lunsford, corroborates the testimony of the Messrs. Lyons. In that letter the writer mentioned that the proceeds of the lumber shipped was credited to the Brown account—

"is being credited per agreement with Mr. Brown and yourself to Mr. Brown's note."

We think it hardly probable that the writer would have referred to a conversation with Lunsford to the effect that the proceeds of the lumber shipped were to be credited on the Brown note if, in fact, that conversation had not taken place.

The question here involved is not whether the Brown debt was assumed by

the partnership, but whether, as a matter of fact, all parties concerned agreed that the proceeds of the lumber shipped should be credited on that debt.

. The testimony preponderates decidedly in favor of the defendant to the effect that the arrangement made by Brown with it that the proceeds of the shipment of lumber should be applied as a credit on the note was understood, ratified and confirmed by Lunsford, the only other member of the firm. This is the conclusion reached by the district judge. We shall not disturb his judgment.